GREGORY A. BROWER
United States Attorney
NANCY J. KOPPE
Assistant United States Attorney
333 Las Vegas Blvd South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
### -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| PLAINTIFF, ) | 2:07-cr-00043-KJD-PAL |
| ) | |
| VS. ) | |
| ) | |
| IAN MENDELSOHN, ) | |
| ) | |
| DEFENDANT. ) | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT IAN MENDELSOHN'S EMERGENCY MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE TO PERMIT INTERNATIONAL TRAVEL

The United States of America, by and through Gregory A. Brower, United States Attorney, and Nancy J. Koppe, Assistant United States Attorney, counsel for the United States, files this opposition to Defendant Ian Mendelsohn's Emergency Motion for Modification of Conditions to Permit International Travel.

### SUBSTANTIVE FACTS

On March 7, 2007, a federal Grand Jury sitting in Las Vegas, Nevada charged defendant Ian Mendelsohn with one count of Coercion and Enticement in violation of 18 U.S.C. §2422(b). The United States has substantial evidence that defendant was chatting online, on numerous

. . . .

occasions, in a teen sex chat room soliciting sex from minors, and then later actually arranged and arrived at a meeting with a person he believed to be a minor for such purposes.

After a detention hearing on March 22, 2007, this Court released defendant pursuant to pretrial release conditions geared toward assuring defendant's appearance and the safety of the community, and to complying with the requirements of the Adam Walsh Act. The conditions relevant to this motion include that defendant be restricted to the home detention component of the home confinement program and submit to electronic monitoring or other location verification system, as well as comply with a curfew as directed by Pre-trial Services.

Defendant now tells this Court that he is to be married on April 5, 2008, to Susan Gogel. Susan Gogel has received an award from her employer, TAP Pharmaceutical Products Inc. (hereinafter "TAP"). As a result, TAP has planned an all expenses paid trip to Spain for all employees who have received the award. *See* Defendant's Motion, Paragraphs 3-5.

According to defendant, the TAP trip is scheduled for April 13, 2008 to April 18, 2008, and defendant would like for it to serve as his honeymoon after his marriage to Susan Gogel. Defendant would return to Baltimore, Maryland on April 19, 2008. *See* Defendant's Motion, Paragraphs 5-10.

The undersigned Assistant United States Attorney has spoken to Pre-trial Services about this case. Pre-trial Services has confirmed that they would be unable to monitor defendant through the electronic monitoring system, and through GPS, should defendant leave the country. Additionally, they would not be able to impose a curfew or otherwise restrict his activities to assure appearance or return of defendant or the safety of the community. As such, the United States asks this Court to deny defendant's motion.

. . . .

. . . .

. . . .

. . . .

**ARGUMENTS AND AUTHORITIES**

The Bail Reform Act governs the detention or release of a defendant pending trial. 18 U.S.C. § 3142. Where, as here, there is probable cause to believe that the defendant has committed an offense identified as Coercion and Enticement in violation of 18 U.S.C. §2422(b), a rebuttable presumption exists that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community ." 18 U.S.C. § 3142(e). Recently, in *United States v. Hir*, 2008 WL 445840, 5 (9th Cir. 2008), the Court held the term "community" in § 3142(e) should not be limited to the jurisdiction in which the crime occurred, or even the United States, when making a determination of whether the defendant poses a danger to the community while on pretrial release.

In the instant case, the Court determined that defendant rebutted the presumption, and ordered him released on conditions. Due to the nature of the crime, the Court is required to impose, among any other conditions it deems necessary, the condition of electronic monitoring, as well as the conditions of abiding by specified restrictions on personal associations, place of abode, or travel; avoiding all contact with victims or witnesses of the crime; reporting on a regular basis; complying with a specified curfew; and refraining from possessing a firearm or dangerous weapon. 18 U.S.C. § 3142(c)(1)(B). This Court imposed these conditions, as well as a condition of GPS monitoring. Defendant's travel was limited to certain locations within the United States.

Defendant cannot be monitored by electronic monitoring, or by GPS, while in Europe, which is required by statute. Additionally, Pre-trial Services cannot determine whether defendant is complying with his curfew while in Europe, which is also required by statute. Thus, to allow defendant to travel as he requests violates 18 U.S.C. §3142(c)(1)(B). Even if defendant's request did not violate the statute, however, modifying his conditions in this manner would be irresponsible and unwise. Defendant would be in a foreign country with absolutely no supervision. Allowing defendant to enter the community of Spain, or potentially other countries should defendant decide to flee, where the people are unaware of his potential for sexual offenses on minor children, poses a considerable

danger to the children of those communities.  Moreover, the United States is unable to monitor or restrict defendant's activities while in that community, nor is the government able to ensure his return for prosecution once he leaves this country.[1]

        Therefore, the United States respectfully asks this Court to deny defendant's motion, wherein he asks to violate 18 U.S.C. §3142(c)(1)(B) by allowing him to travel outside this country to a place where he cannot be monitored.

        DATED this 10th day of March, 2008.

                              Respectfully submitted,

                              GREGORY A. BROWER
                              United States Attorney

                              /s/

                              NANCY J. KOPPE
                              Assistant United States Attorney

---

[1] Although defendant claims that the fact that he has been in compliance while on release demonstrates the reason for allowing him to travel outside this country, it actually shows the exact opposite.  Defendant has been monitored while on release and, without monitoring, there is no assurance that he will comply with conditions, stay away from minors, or even return to the United States to face prosecution. The ease of travel with a United States passport once a person is in Europe or many other countries abroad is noteworthy here.  Once defendant is allowed out of the United States unmonitored he could easily divert his travels and never return.  Depending on the country, he could eventually be found in would determine the difficulty of extradition back into the United States for prosecution of this crime.  Because of the seriousness of defendant's crime, he faces a mandatory minimum sentence of five years if convicted; therefore, the Government feels that he does pose a high risk of flight irregardless of any community ties he may have in the United States.

# **CERTIFICATE OF SERVICE**

UNITED STATES OF AMERICA,           )
                                                     )  2:07-cr-00043-KJD-PAL
      Plaintiff,                                      )
                                                     )
vs.                                                           )
                                                     )
IAN MENDELSOHN,                          )
                                                     )
      Defendant.                                    )
_____)

The undersigned hereby certifies that she is an employee in the office of the United States Attorney for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on March 10, 2008, she served an electronic copy of the attached **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO TRAVEL** by electronic service (ECF) to the person named below:

        Dominic Gentile, Esq.


                                                                  /s/ Nancy J. Koppe
                                                          NANCY J. KOPPE